May it please the court and counsel, I'm Jonathan Hammond. I represent Jacquiere Burnside on this appeal from a denial of a motion to suppress evidence which was recovered after the stop of his motor vehicle in Waterloo, Iowa. He entered a conditional plea of guilty and preserved his right to appeal this matter. This case involves the interpretation of two Iowa statutes. There was an opinion by the magistrate. There was an opinion by the district court. They are not in complete accord. The on the date that Mr. Burnside was stopped, his vehicle was equipped with two license plate lights, both of which emitted a white light and both of which, either of which illuminated his plate for a distance of 50 feet. There is an Iowa statute on point with regard to the illumination of rear plates. Fortunately it is brief. This statute provides that either the rear lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly visible for a distance of 50 feet to the rear. There was no question at the time of hearing that the single license plate light which was working at the time of his stop was white as required and did illuminate the rear plate for a distance of at least 50 feet. So counsel, what you're establishing is that the police officer was incorrect in his belief that there was a violation of Iowa law for the illumination on the license plate. Yes, Your Honor. The stated reason that the officer gave at the time of hearing was that Mr. Burnside violated a different statute and not the one with regard to the illumination of his license plates. I would note that in a case cited by the district court in its opinion, the Iowa Court of Appeals had previously ruled that a single white license plate light which illuminates a plate to a distance of 50 feet does not violate that statute. Counsel, even if the officer is mistaken, what would indicate that there was some surreptitious motive, that the stop was a ruse as opposed to a misinterpretation on the part of the defense that it was a ruse other than the fact that the officer in question testified that he had used this other statute, 321.387, entitled rear lamps as a basis to stop vehicles under similar circumstances as those in Mr. Burnside's case. So as I indicated, there is uncontested that Burnside was not in violation of that statute at the time of his stop. So, I'm sorry, go ahead. And what the officer said, Your Honor, was that the second sentence of this other provision called rear lamps allowed him to stop Mr. Burnside's vehicle. So even if the officer is incorrect, and therefore shouldn't have made the stop, but made the stop anyway, are you, is it your position that the search that took place afterward, that the contraband is covered after the stop is to be excluded even though the officer was mistaken in interpreting the law? Yes, Your Honor, for the following reason. The if the officer has some reasonable belief that violations occurred, they could make the stop. But if, would you concede that if the stop has some legitimacy or is at least excused as an error, what was discovered thereafter would not be subject to being suppressed? I would concede that is correct if it were a reasonable mistake on the officer's part. How is it not reasonable? Let's just think about this for a moment. We have a magistrate judge that says one thing about these statutes. We have a district judge who says something else about these statutes. They're not entirely consistent with each other. You know, both acknowledge there's ambiguity. They start with that. But how they resolve that ambiguity is different. And one judge believes that this is an applicable position to all lamps, that if there are lamps placed on this vehicle that were installed by the manufacturer, they all got to work. And that's how they say 321.387 is supposed to be read. Now, that's a United States district judge. Now, we're going to hold some police officer to have better, more intimate knowledge of the statute than a United States district judge. And if he's mistaken on his interpretation of the statute, we're going to suppress the evidence. That's your rule. I don't believe I would go that far, Your Honor. The first point I would make is it's, yes, it's correct that two different judges came to two different conclusions as with regard to the application of the statute. However, this court sits in a de novo review. I get where we sit in de novo, but the question is, is the officer's conduct reasonable? Is he reasonably mistaken? Right? That's the question. And the question of reasonable mistake, I mean, are we going to hold a guy who's got two years of community college and, you know, six months of police academy to a standard that United States judges can't agree on? Is that really where we're at? Well, Your Honor, Mr. Burnside first asked this court to find that the statute is not ambiguous. The mistake of law analysis would not apply unless the statute in question, here, the rear lamps statute, not the illuminating plate statute, unless that statute were ambiguous. Mr. Burnside first argues that it's not ambiguous. If the statute is not ambiguous, then the mistake of law analysis doesn't apply at all. So Well, it still would, right? I mean, listen, if you got these two provisions in the code, the officer knows that they're both in the traffic code, right? He's not a lawyer. He's not a judge. You know, he's reading them and says all lamps. All lamps sounds like all lamps. You know, but because we lawyers, we know that like when it says Congress shall make no law, that doesn't necessarily mean anything about Congress. It might mean something about state. You know? And that's also true here. You know, I mean, I'm just looking at this poor cop in the street and he's out there. He thinks this is the right thing to do. He thinks it's appropriate. He's done it in the past. Nobody's ever pointed out that it might not be right. I mean, why is that not a, isn't he, why isn't he reasonably mistaken? Well, I would like to follow up my question to your honor with regard to his prior history with this statute. He testified at the time of hearing that he had stopped other persons for what he perceived to be the violation of the rear lamp statute. The one that has the phrase here in question that seems to be broader than the section, than the title of the section restricting it to rear lamps. But although he says he had stopped multiple individuals for that, he had never written them a citation. So he never had the benefit of any interpretation from the court as to its meaning. He had four years of training as I recall. And like all other police officers, he has specialized training. He rides with other officers. So he is an individual that does not have any prior experience with the interpretation of the statute in part because he never puts himself in a circumstance where he would ever have an interpretation of the statute. He never writes a citation. So with regard to your honor's question about whether there was any evidence that this was a ruse, I would state that that is probably the only indication in the record that there might have been an ulterior motive on the officer's part to pull over Mr. Burnside's vehicle. But my understanding of the Hine versus North Carolina case, your honor, would be that if the statute were not ambiguous and it simply did not apply to my client, that is, if the statute did not apply to my client's single missing taillight, then the mistake of law analysis needn't take place at all. In those circumstances, then there was no reasonable suspicion for the officer to stop my vehicle, for the officer to stop my client's vehicle and suppression would be appropriate. So it is correct that both other courts found the district judge, who is now the district court judge in the Northern District as well, resolved the ambiguity by applying canons of statutory interpretation. He looked to the title of the rear lamp section. He looked to the title of the illuminating plate section. And he implied the rule of lenity in finding that ambiguous statutes should be resolved in favor of the defendant. He thereby found that the portion of the rear lamp statute relied upon by the officer did not prove, did not establish a violation on the part of Mr. Burnside and went on to do the mistake of law analysis. The district court examined the history of a contrary conclusion, finding that the change in the Iowa law which inserted this questionable sentence, which reads, all lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment, was intended to fill a gap in the regulatory scheme, but conceded that it may not have been placed in an ideal location. So Mr. Burnside's position, Your Honor, is first that this matter is not ambiguous and suppression is appropriate because there's no question that he was in compliance with the 321-388, the illuminating plates section. In the event that the court were to find that the, agree with the district court that the statute was ambiguous and that resolve it in a manner consistent with the magistrates that the rear lamps section did not apply to Mr. Burnside, then the court would go through the mistake of, make mistake of law provisions. The Hine decision, Your Honors, is one in which there was significant concurrence by Judges Ginsburg and Kagan as to the breadth of the mistake of law exception. To my understanding, it was the inaugural case for this theory that allowed the introduction of evidence in a criminal case based on an officer's error. It was clear in the concurrence that at least two members of the court would only apply this mistake of law provision in exceedingly rare circumstances and quoted the Solicitor General to that effect at the time of oral argument. They indicated that the interpretation which the officer must undergo must be really difficult or a very hard question of statutory interpretation and must require hard interpretive work on the part of the officer before this mistake of law should be excused. Mr. Burnside's position is the opinion of the officer is not entitled to great weight. Subjective opinions, subjective views do not carry the day. It must be an objectively reasonable belief, but as the concurrence pointed out, law enforcement officers who are unaware or untrained in the law or who act in reliance on incorrect memos or training programs have not, in their view, made a reasonable mistake. Mr. Hammond, you've only got a minute left for rebuttal. If you'd like to use it or Yes, I would. Thank you, Your Honor. Ms. Lundqvist May it please the Court, Counsel. The Court should affirm both grounds of the District Court's order denying defendants' motion to suppress. First, the state statute at issue, Iowa Code Section 321.387, encompassed defendants' inoperable license plate light. Alternatively, the officer's belief that the statute encompassed defendants' inoperable light was objectively reasonable. First, regards to the statutory construction issue, the District Court's reading of the statute was correct for three reasons. First, there is the plain language of the statute. Statutory construction begins with the text. And here, the wording of the statutory provision at issue, all lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment. That wording is plain and it's easily understandable. Giving those words all of their and not read the rest of it that precedes it? Well, I think that the wording of that statute is, as I said, plain and unambiguous and giving those words what they say. The wording of that sentence is, but that's not the only sentence in the paragraph. That is correct, Your Honor. And reading it in context with the first sentence of that statute, there's a few things I'd like to note. First is the lack of modifiers besides all in the second sentence. All means all. And second is the inclusion of the new term, lighting equipment, which does not appear in the first sentence. So the first sentence really gives no direction or instruction to the term of lighting equipment. And that signals that this is a broader, more expansive provision than the first and has its own meaning. And as I was going to add, second, this interpretation gives effect to all of the words in the statute and it doesn't create any conflicts with any other statutes. Reading it as an independent requirement that all lamps and lighting equipment be kept in word-working order on motor vehicles is, as I said, further supported by the term, the inclusion of the new term, lighting equipment, and shows the intent to broaden the scope. Third, defendants' interpretation of the statute is clearly flawed. It requires the court to read in a significant amount of language that is simply not present in the sentence. And that's because first, if we only inserted the word rear, all rear lamps and lighting equipment originally manufactured, that's not enough. Because looking at Iowa Code section 321.387 and 321.388, it's clear that rear lamps can be both red and white. So then we have to insert rear lamps exhibiting red light. And then we put that in. But again, we still don't know what lighting equipment means under defendant's analysis. And it's notable that both of these statutes actually appear in a subchapter of the Iowa Code entitled lighting equipment. And within that subchapter, there are provisions about all kinds of lamps, rear lamps, spot lamps, backup lamps, and other kinds of lighting equipment that can serve to illuminate, like reflectors or lanterns. So given all of that, the district court's reading of the statute, giving it its plain meaning, was really correct. Second, regarding the reasonable mistake of law analysis, the district court also correctly held that regardless of the actual meaning of the statute, the officer's interpretation that it applied to licensed plate lamps was objectively reasonable. First, there is, of course, the High End case. And the situation here is really on all fours with that case. It's very similar. There's no state ruling regarding the and it's important, as Judge Erickson noted, we have two federal judges that could not agree on the meaning of the provision in this statute. And that's really important because we don't hold officers to the same standard of experienced lawyers or judges. They're tasked with interpreting statutes reasonably, not perfectly or even correctly. Looking at the sentence, all means all. And that's an interpretation that an everyday reader of English would reach. Lastly, defendant's brief improperly focuses on the officer's subjective knowledge. And that's not the test. He discusses the training the officer had received and whether he performed stops under that code provision before. Notably, that type of analysis doesn't appear in High End. And that's because it's an objective test. And we don't consider the subjective knowledge of the officer. Defendant also referred to the concurrence in this case. And it's interesting that a provision of the concurrence that defendant doesn't cite says, or to make the same point without the Latin, which Justice Kagan had previously used, the test is satisfied when the law at issue is so doubtful in construction that a reasonable judge could agree with the officer's view of this statute. And moreover, we had two judges who agreed that the officer's view of the statute was reasonable. Is it necessary for us to decide whether the district court's analysis of the statute was correct? No. It is not. Do you want us to? Or should we? Given that, you know, in the interest of not deciding provisions of law when it's not necessary. It would be dictum, I suppose, you might say. Why talk about it if we don't have to, if we agree that the reading was objectively reasonable? I think that is a reasonable statement. Because this case is very easy to resolve under reasonable mistake of law. You know, one of the things that's kind of interesting to me, and it's probably just of the sort of, you know, parochial nature of my own practice as a lawyer. But there's been an argument advanced here about titles and the effect of the title on the statute. And you would have no reason to know this, but in both North Dakota and Minnesota, there are statutory provisions that say that titles do not have the force of law, that they are simply an identifier. And if you look at the Iowa cases, there's a whole mess of Iowa cases that talk about, is the title sufficient to give notice to a person as to whether or not this criminal conduct has been criminalized? Can somebody find it, right? But I haven't really found any case that says that the title has force of law. And that may be completely obscure. But in light of kind of the argument that's been advanced, do you know whether or not titles and statutes in Iowa have force of law? I do not, Your Honor. Yeah, I know. It's a bizarre thing. Never mind. I'll try and figure it out. I haven't been able to figure it out so far, but I was just curious. Well, if the panel has no other questions, for all the reasons discussed here today and in our brief, the Court should affirm the District Court's order denying defendants' motion to suppress. Thank you. Thank you, Ms. Lundquist. Mr. Hammond? Thank you, Your Honor. Your Honor, with regard to how expansively the Court will interpret the exceptions referred to in the concurrence, those extremely rare circumstances, I ask the Court to consider this. The rule of lenity at common law is for the benefit of the citizen. It's for the criminal defendant, not for the benefit of the government, not for the benefit of the police. I am presumed to know the law. I am charged with learning what the law is. If my understanding of the law is incorrect, I am not given a defense, even if my belief is a reasonable one. And there is good reason that this rule should apply with equal force to the police as well as it does to the general public. Thank you. I could see how the rule of lenity could be of assistance to Mr. Burnside if this was a case involving whether or not he violated the statute. But this is really dealing with the material that was discovered subsequent to the stop. But I appreciate your point. Thank you. Thank you, Your Honor. And also, the Court notes that you're representing Mr. Burnside today under the Criminal Justice Act and would like to express our gratitude for your willingness to serve in that capacity. Thank you. You're very welcome. Counsel, thank you both for your presence and the arguments you provided to the Court and the briefing. We will render a decision in due course. Thank you.